HON. W. B. EGAN,

---

### No. 6437.

#### CHARLES LAFITTE VS. MORGAN MORGANS.

The State tax referred to in the act of 1872, which act forbids the police jury of any parish from assessing and collecting any tax exceeding the one hundred per centum of said State tax, is merely the tax levied by the Legislature to pay the public debt and provide for the general expenses of the government. It does not include the levee, school, and other taxes levied for special purposes.

Should the necessities of a parish demand the assessment of any larger tax, such tax must first be authorized by a vote of a majority of the voters of the parish.

APPEAL from the Parish Court of the parish of St. Charles. *Earhart, J. Breaux, Fenner & Hall,* for plaintiff and appellant. *N. St. Martin,* District Attorney *pro tempore* and Parish Attorney, and *James D. Augustin,* for defendant.

The opinion of the court was delivered by MANNING, C. J.

The tax collector of the parish of St. Charles was proceeding to sell the property of the plaintiff to enforce the payment of the parish tax for 1876, assessed upon plaintiff's property at the rate of fourteen and a half mills on the dollar, when plaintiff paid a portion thereof, viz.: the assessment of four mills on the dollar, equal to that levied for the general expenses of the State government and the school tax, and enjoined the collection of the residue upon various grounds, of which the first is that the police juries of the parishes are prohibited from

levying a tax for any parish purpose which shall exceed one hundred per centum of the State tax for that year, and that the State tax was only four mills on the dollar.

The law upon which the plaintiff relies to support that ground of injunction is the prohibition contained in the following section of the act of 1872:

"Nor shall the police jury of any parish levy a tax for any parish purpose, except to pay indebtedness incurred prior to the passage of this act, during any year which shall exceed one hundred per centum of the State tax for that year, unless such excess, whether levied by village, city, or parochial authorities, shall first be sanctioned by a vote of a majority of the voters of said village, city, or parish, at an election held for that purpose." Acts of 1872, p. 56.

In the revenue act of the previous year, which was in force in 1876, and governed the assesment for that year, it is enacted that "an annual *ad valorem* tax of four mills on each dollar of the valuation for each year of all the real and personal property in this State subject to taxation shall be assessed, levied, and collected in current money for the purpose of supporting the government of the State, of paying the public debt, and of promoting the public interest." Acts of 1871, p. 104.

The defendant denied that the assessment of fourteen and a half mills on the dollar by the police jury was in contravention of that law, inasmuch as that was the sum total of the State taxes for that year, and prayed a dissolution of the injunction with one hundred per centum upon the taxes enjoined as damages. The judgment was in his favor and in accordance with that prayer.

The tax of four mills on the dollar is for the purpose of supporting the government of the State, of paying the public debt, and of promoting the public interest. Other taxes are imposed under authority of special laws for special purposes; *e. g.*, one to protect the lands from overflow by the construction and repair of levees, another for the support of the public schools, a third to pay the interest of the public debt, etc., and these can not be diverted from the purpose to which they have severally been consecrated. If the tax of four mills on the dollar is deemed sufficient to defray the expenses of the State government, it may reasonably be inferred that the General Assembly deemed a similar tax adequate to the support of the parish government, and that the restriction imposed by the act of 1872 was intended to be measured by the rate of taxation authorized each year for the government of the State.

An old and sound rule for the construction of statutes is that inquiry must be made of the mischief to be remedied, and thus ascertain the motive which impelled the Legislature to enact the new law.

Blackstone says: " The most universal and effectual way of discovering the true meaning of a law, when the words are dubious, is by considering the reason and spirit of it, or the cause which moved the Legislature to enact it." 1 vol., 61, Com.

It is a part of the public history of the country that for several years immediately preceding the enactment of the statute we are considering the parochial authorities of many parishes had made lavish and wanton expenditures, and that practically their power to impose taxes was unlimited in their own opinion. It was exercised without restraint. The reports of this court exhibit to what extent this power was used and for what purposes. Manifestly that was the cause that moved the Legislature to enact this act restricting their power within specified limits.

The defendant insists that all of the taxes levied by authority of the State, viz., the levee tax, school tax, interest tax, the tax for the support of the State government, etc., are but one tax. This theory is necessary to sustain his argument that the expression " State tax" used in the statute means all the State taxes, but the fact is otherwise. The tax of four mills on the dollar for the expenses of the State government is imposed by the act of 1871; that for the payment of the interest on the public debt by an act of 1874, (Acts, p. 39) and that for the construction of levees by a later act of same year. *Idem*, p. 95.

The view we have taken of this meaning of the statute of 1872 is confirmed by other acts of the Legislature. In 1870 it was enacted that " neither police jurors nor other parish authorities shall make appropriations or expenditures for the purpose of making or repairing public roads or bridges until provision for the payment of such appropriations or expenditures shall have been made by levying a special tax on all the real and personal property in the parish, and payment shall not be made out of any other fund." Acts 1870, p. 47.

So again: " The electors of a district, when legally assembled, shall have power to levy such tax, not exceeding three mills on the dollar, to purchase or lease a school-house, and to build a school-house, and for compensation of teachers." Revised Statutes of 1870, section 1276.

The analogy between the power exercised by the General Assembly in imposing taxes for State purposes and that conferred by it upon the police juries for parochial purposes is complete. While a tax is imposed by it for the support of the State government, and provision is made by special laws for special purposes, so in like manner it restricts the police juries to a tax for the support of parochial government of one hundred per centum upon the sum or rate it has imposed for the State government, and empowers those bodies to levy special taxes for defined purposes. Nor has the Legislature omitted to provide for other and special

contingencies. If an extraordinary emergency shall demand it, a higher rate of taxation is permitted to be levied if it "shall first be sanctioned by a vote of a majority of the voters at an election held for that purpose," and the power to levy a tax to pay indebtedness incurred prior to the passage of the act of 1872 is specially excepted from prohibition as to the rate specified therein.

The opinion we have expressed upon the ground of injunction just examined renders unnecessary a discussion of or decision upon the other grounds urged by plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be avoided and reversed, and that the injunction be perpetuated, and the plaintiff have and recover of the defendant the costs of both courts.

Rehearing refused.